## HEMMERLING et ux. v. G. & J. GROETSCH.

## No. 16607.

Court of Appeal of Louisiana. Orleans. March 8, 1937.

Edward Rightor and W. H. Sellers, both of New Orleans, for appellant.

Joseph Rosenberg, of New Orleans, for appellees.

McCALEB, Judge.

On August 1, 1936, at about 8 p. m., while Harry Hemmerling was driving his automobile in the city of New Orleans on St. Claude avenue in the direction of Canal street and had stopped at the intersection of Frenchman street in obedience to a red traffic semaphore, his car was struck from the rear by a truck (traveling in the same direction) owned by G. & J. Groetsch, a commercial copartnership, and operated at the time of the accident by one of its employees. As a result of the collision, his wife, who was a passenger in the car with him, was injured and his automobile damaged.

Joint suit was filed by Mr. and Mrs. Hemmerling in the First city court of New Orleans against the defendant, G. & J. Groetsch, claiming damages itemized as follows:

| | |
|---|---:|
| For physical injuries to Mrs. Hemmerling | $200.00 |
| Medical treatment by Dr. Hyman | 47.00 |
| Drugs and Medicines | 2.00 |
| Cost of eyeglasses of Mrs. Hemmerling, broken as a result of the collision | 16.90 |
| Damage to the Hemmerling automobile | 10.00 |
| Total damages | $275.90 |

The defendant answered the petition and admitted that the accident was caused through its negligence, but denied that the plaintiffs were damaged as result thereof. The case was tried on this issue and the trial court granted judgment in favor of Mrs. Hemmerling for her personal injuries in the sum of $100 and also gave judgment in favor of Mr. Hemmerling for expenses of treatment to Mrs. Hemmerling, damage to his automobile, etc., in the sum of $65.75. The defendant has appealed from this judgment.

Inasmuch as liability in the case is conceded, the only question for our determination is the damages of the plaintiffs.

Counsel for defendants contend that the plaintiffs were not damaged and that the testimony of plaintiffs and their witnesses is so conflicting as to be unworthy of belief. It suffices to say that the judge of the lower court, who saw and heard these witnesses, believed their testimony, and a reading of the record convinces us that the claims of the plaintiffs are well founded.

Dr. Hyman, who treated Mrs. Hemmerling, states that this lady had a cut over her eye and that she complained to him of severe pains in her back and hips. His conclusion is that she suffered a severe nervous shock in addition to contusions of the body. She claimed the sum of $200 and the court allowed her $100. This allowance is modest to say the least.

The expenses of Mr. Hemmerling consist of a $47 doctor bill, which is amply proved by the evidence, as well as the

$10 item for repairs to his car, and the $2 item representing drugs purchased for treatment of Mrs. Hemmerling. The other item is for $16.90, representing the cost of replacing the eyeglasses of Mrs. Hemmerling, which were broken in the accident. The trial court permitted recovery in the sum of $6.75 for this item.

On the whole, the allowance of the court below is entirely in accord with the evidence and we see no merit in the complaint here.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.